HUNTLEY ESTATES, INC., Respondent-Appellant, v. TOWN OF EASTCHESTER, Appellant-Respondent.— In an action for a declaratory judgment and other relief, the amended complaint contains two causes of action. The first cause of action seeks a declaration that defendant's building zone ordinance is unconstitutional and void insofar as it places plaintiff's property in a residence A zone as defined by said ordinance; the second cause of action seeks a declaration that plaintiff is entitled to conduct a restaurant on the property, for which the property is alleged to have been used prior to the adoption of the building zone ordinance. After trial, the court found for the plaintiff on the first cause and dismissed the second cause. The parties cross-appeal from the judgment entered thereon insofar as it is in favor of the other. Judgment modified on the law and the facts by striking therefrom the first ordering paragraph and by substituting therefor a provision that the first cause of action be dismissed, and, as so modified, judgment affirmed, with costs to appellant-respondent. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The zoning of the affected property for residential use did not deprive the owner of the beneficial use of the land. The property is surrounded on the east and south and in part on the west by residential property. Across the way and on the north side of Mill Road for all but 110 feet the property is devoted to apartment house use. There is no showing of such urgent business need as to render unsuitable and unprofitable the use of the property for residence purposes. There is no showing of such rock subsurface

condition as to render construction of residences prohibitively expensive. The property constitutes the remainder, other than vacant business portions, of a residential development on sixty acres of land from which the plaintiff has derived substantial sums in excess of the purchase price. Wenzel, MacCrate, Beldock and Murphy, JJ., concur; Nolan, P. J., dissents and votes to affirm, with the following memorandum: The ordinance, insofar as it affects plaintiff's property, is confiscatory, in that it precludes the use of the property for any purpose for which it is reasonably adapted, and does not authorize a variance which would permit such use. (*Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222, 226.)